## (December 12, 1963)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES CALHOUN AND JOEL SAMS, Appellants.— Judgments rendered on December 19, 1962, convicting defendants of robbery in the first degree, unanimously reversed on the law and a new trial ordered. The defendants were charged with robbery, first degree, grand larceny, first degree, and assault in the second degree. The testimony of the complaining witness was to the effect that he was attacked from the rear by these defendants and one Arnette (who had theretofore pleaded guilty) and that Arnette took his eyeglasses, keys and a 50-cent piece from his pocket. The court charged the jury solely as to robbery in the first degree, and defense counsel's request to charge as to assault in the second degree was denied. We conclude that such denial was erroneous and requires a reversal of the convictions and a new trial. "It has been repeatedly written that if, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the Trial Judge must submit such lower offense." (*People* v. *Mussenden*, 308 N. Y. 558, 561; cf. Code Crim. Pro., §§ 444, 445.) The record in this case — with particular reference to the testimony of Arnette, who testified that these defendants took no part in the incident — permits of a finding that the acts of these defendants in assaulting the complainant — albeit coin-

cidental in time with those of Arnette — were independent acts referable solely to their own intentions to rob the complainant, which robbery was never completed. They could thus be found innocent of robbery in the first degree and yet guilty of assault in the second degree. Accordingly, the refusal to charge as requested constitutes reversible error. We also note, in passing, that the court's instructions with respect to the element of "intent" could well have been more clearly set forth to the jury. Concur — Rabin, J. P., Stevens, Eager, Steuer and Bastow, JJ.